**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-01527 BRO (OPx) | Date | September 30, 2013 |
|---|---|---|---|
| Title | FEDERAL NAT'L MORTG. ASS'N V. JOHN B. ARDELLA, CECILIA V. ARDELLA | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**           (IN CHAMBERS)


**ORDER REMANDING ACTION**

    On May 23, 2013, Plaintiff Federal National Mortgage Association filed this unlawful detainer action in the Riverside County Superior Court.  On June 28, 2013, Defendant John B. Ardella removed the action to this Court.  (*See Fed. Nat'l. Mortg. Ass'n v. John B. Ardella, et al.*, No. EDCV 13-01151 Dkt. No. 1.)  Shortly thereafter, on July 12, 2013, Chief Judge King issued an order summarily remanding the action to state court because it had been improperly removed.  (13-01151 Dkt. No. 3.)  In the remand order, the Court indicated removal was improper because there was no subject matter jurisdiction.  (13-01151 Dkt. No. 3.)  The Court also warned Mr. Ardella that "any subsequent attempts to remove the underlying state unlawful detainer action . . . *will be improper* and may result in the Court taking *punitive remedial measures*, which may include ordering Defendant to appear in person . . . and show cause why he should not be *monetarily sanctioned* and/or designated as a vexatious litigant." (13-01151 Dkt. No. 3 (emphasis added).)

    Undeterred by the Court's remand order, on August 26, 2013, Defendants John B. Ardella and Cecilia V. Ardella removed the unlawful detainer action a second time. (Dkt. No. 1.)  In their removal papers, Defendants contend the Court has original subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, because Plaintiff allegedly gave

JS-6

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-01527 BRO (OPx) | Date | September 30, 2013 |
|---|---|---|---|
| Title | FEDERAL NAT'L MORTG. ASS'N V. JOHN B. ARDELLA, CECILIA V. ARDELLA | | |

defective notice to vacate the property. (*Id.*) Apparently, the notice is required by federal statute, and, according to Defendants, because notice was defective, Plaintiff's unlawful detainer action involves a federal question. (*Id.*) In their removal, they specifically allege, "Plaintiff's claim is based upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201." (*Id.*) Defendants had given the same basis for federal jurisdiction in their prior removal attempt.

Upon receipt of their removal papers, the Court reviewed the underlying complaint filed by Plaintiff Federal National Mortgage Association in the state court, and readily determined there was no subject matter jurisdiction. Unaware of Ardella's previous improper removal attempt, and out of an abundance of caution, on August 30, 2013, the Court ordered Defendants to show why the action should not be remanded for lack of subject matter jurisdiction, stating that the underlying complaint supports neither federal question nor diversity jurisdiction. (Dkt. No. 6.) Defendants responded on September 23, 2013. (Dkt. No. 10.) In their response, Defendants indicate they

> base the federal question here on the fact the Notice to Quit upon which the unlawful detainer is based explicitly provides for a 90 day period as required by the PTFA Protecting Tenants at Foreclosure Act of 2009]. The notice upon which the unlawful detainer is based explicitly references the PTFA. It is <u>not</u> a defense or counterclaim as to which a defendant might avail herself in the state court unlawful detainer. Rather, it is an integral part of Plaintiff's claim and Plaintiff bears the burden of proving compliance with the PTFA as to its notice in the state court unlawful detainer.

(Defs.' Resp. 2.)

Simply put, Defendants are mistaken. Although federal law might require Plaintiff to provide a certain notice in connection with an eviction or unlawful detainer proceeding, it does not convert Plaintiff's unlawful detainer action into a suit based upon a federal question. Plaintiff is not suing under the Protecting Tenants at Foreclosure Act. It is suing under California Code of Civil Procedure section 1161. If indeed Plaintiff's federally-required notice was defective, Defendants can bring that defect to the state

JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-01527 BRO (OPx) | Date | September 30, 2013 |
|---|---|---|---|
| Title | FEDERAL NAT'L MORTG. ASS'N V. JOHN B. ARDELLA, CECILIA V. ARDELLA | | |

court's attention; perhaps, it will inure to their benefit, but the Court cannot speculate on that matter.

Accordingly, the Court REMANDS this action to the Superior Court of California, Riverside County, Indio Judicial District. Additionally, in the interim between Defendants' removal and this order, Plaintiff filed a motion to remand the action to state court; that motion is hereby VACATED as moot.

**The Court reiterates that any future attempts to remove this unlawful detainer action will likewise be improper. Should Defendants attempt to remove again, the Court may assess monetary sanctions, or even designate Defendants as vexatious litigants. Therefore, Defendants are ordered to seek permission from this Court before any future attempts to remove this action.**

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |